UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                  :
ALLIANZ GLOBAL CORPORATE & SPECIALTY SE, :
                                                  :
                        Plaintiff,                :
                -v-                                :          22-CV-4731 (JMF)
                                                  :
IEA CONSTRUCTORS, LLC,                  :              ORDER
                                                  :
                      Defendant.               :
                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On June 6, 2022, this action was removed from state court by Defendant. *See* ECF No. 1.

        Pursuant to 28 U.S.C.§ 1441, a defendant may remove a state court action to federal court only if could have been originally filed in federal court. The notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). The Second Circuit has held that a summons with notice filed under New York law may constitute an initial pleading for purposes of this statute, but only if the initial pleading "enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (cleaned up). The pleading must provide "the necessary facts to support the removal petition." *Id.* Where, as here, removal is based upon diversity, "the facts required to support the removal petition include the amount in controversy and the address of each party." *Id.* Importantly, while the "standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the

initial pleading for facts giving rise to removability." *Id.*; *see also, e.g.*, *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 470 (S.D.N.Y. 2015) ("The case law . . . imposes a bright-line rule, based on the face of the plaintiff's pleading or other written submissions.").

Here, Defendant's Notice of Removal asserts that "upon information and belief, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a state and a citizen of a foreign state." ECF No. 1, at 2.  At the same time, it acknowledges that Plaintiff's "summons and amended summons do not state the citizenship of the parties or the amount in controversy." *Id.*  In light of the standards stated above, Defendant is ORDERED to file a letter, not to exceed three pages, to show cause why this Court has subject matter jurisdiction by no later than **June 17, 2022**.  Plaintiff shall promptly enter a notice of appearance and may file a response to Defendant's letter **within one week of entering a notice of appearance** or **June 24, 2022, whichever is later.**  Defendant is further ORDERED to promptly serve a copy of this Order on Plaintiff and file proof of such service by no later than **June 10, 2022**.

SO ORDERED.

Dated: June 9, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge